```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

FILED

APR 1 2 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| DONALD PANDO, | CASE NO: 06-CV-2615 W(NLS) |
|---|---|
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE** |
| v. | |
| C. EVRPET, et al., | |
| Defendants | |

On November 28, 2006, Plaintiff Donald Pando, proceeding *pro se*, filed a Complaint for "Criminal and Civil Lawsuit." Pending before the Court is Defendant C. Everett's (erroneously sued as C. Evrpet) motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

The Court decides the matter on the papers submitted and without oral argument. See Civil Local Rule 7.1(d.1). For the reasons outlined below, the Court **GRANTS** Defendant's motion without prejudice and with leave to amend.

## I. FACTUAL BACKGROUND

Defendant Everett is an officer with the California Highway Patrol. Plaintiff is a United States Citizen and "the eyes and ears of Congress [and] the President", who reports "all illegal activity and corruption within any State of the United States." (Compl. at 2:18–19.)

According to the Complaint, Defendant, "under the cover of . . . working for [the] California government[,]" pointed an unspecified electronic instrument "directly in the flight path of commercial airlines. . . ." (Compl. at 2:1–4.) Plaintiff alleges that Defendant knew "full well that [the] electronic instrument can interfere with aircraft instrumentation" such as the "altimeter, turn in bank indicator, transmission of turn bank indicator and can realign altimeter readings." (Id. at 1:26–28.) Plaintiff, therefore, contends that Defendant's conduct possesses a "**terrorist threat** to innocent people. . . ." (Id. at 1:23–25, emphasis in original.)[1] Accordingly, Plaintiff seeks to require Defendant to pay "fines levied by the U.S. government in this case." (Id. at 2:23.)[2]

## II. LEGAL STANDARD

Rule 12(b)(1) provides that a court may dismiss a claim for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Because subject-matter jurisdiction affects the court's power to hear a case, parties cannot waive it, and the court must dismiss an action if it lacks jurisdiction. Fed. R. Civ. P. 12(b)(1); Csibi v. Fustos, 670 F.2d 134, 136 n.3 (9th Cir. 1982).

By contrast, a motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. See N. Star Int'l. v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). In ruling on a motion to dismiss, the court assumes the truth of all factual allegations and

---

[1] Defendant asserts that the "electronic instrument" was a radar used by Officer Everett during a traffic stop of Plaintiff. (Mt. to Dismiss at 1.)

[2] The Court notes that the United States is not a party to this case. (See Compl. at 1.)

06cv2615W

construes them in the light most favorable to the plaintiff. Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002). The court may dismiss, however, if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991) (quoting Conley v. Gibson, 355 U.S. 41, 45–46 (1957)).

When a complaint is written by a *pro se* litigant, as here, pleading rules are relaxed and the complaint is held to a less stringent standard. Karim-Panahi v. Los Angeles Police Dep't., 839 F.2d 621, 623 (9th Cir. 1988). The policy requiring courts to liberally construe *pro se* complaints, however, "does not mandate that a court sustain every pro se complaint even if it is incoherent, rambling, and unreadable" Barsella v. United States, 135 F.R.D. 64, 66 (S.D.N.Y. 1991).

### III. DISCUSSION

#### A. Plaintiff lacks standing.

Defendant argues that Plaintiff lacks standing to bring this action because he does not allege an injury in fact. The Court agrees.

The Supreme Court has frequently explained that standing is an essential and unchanging part of Article III's case-or-controversy requirement for federal jurisdiction. Vt. Agency of Natural Res. v. United States ex rel. Stevens, 529 U.S. 765, 771 (2000). Thus, if the plaintiff lacks standing, the court must dismiss the claim for lack of subject-matter jurisdiction. Cetacean Community v. Bush, 386 F.3d 1169, 1175 (9th Cir. 2004).

To show Article III standing, plaintiff must demonstrate (1) injury in fact; (2) a traceable connection between the alleged injury in fact and the alleged conduct of defendant; and (3) redressability of the alleged injury. Vermont, 529 U.S. at 771. The injury alleged, however, must be "actual or imminent" and "concrete and particularized" to the plaintiff. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

The only potential injury alleged in the Complaint is the "**terrorist threat** to

innocent people" allegedly caused by Defendant's use of the electronic equipment. (Compl. at 1.) Plaintiff does not allege injury to himself, nor do his allegations permit the inference that he has suffered any injury. Moreover, Plaintiff does not argue in his Opposition that he suffered any injury. Instead, Plaintiff appears to be asserting that he has standing to pursue this case on behalf of the United States as a *qui tam* action. (Pl.'s Opp. at 4.)

A *qui tam* action is "an action under a statute that allows a private person to sue for a penalty, part of which the government or some specified public institution will receive." United States v. Kitsap Physicians Serv., 314 F.3d 995, 997 n.1 (9th Cir. 2002) (quoting Garner, Dictionary of Modern Legal Usage at 728 (2d ed. 1995). A private person (called the relator) may bring a *qui tam* civil action in their own name as well as on behalf of the United States. Vermont, 529 U.S. at 768. "*Qui tam* plaintiffs are merely agents suing on behalf of the government, which is always the real party in interest." Cedars-Sinai Med. Ctr. v. Shalala, 125 F.3d 765, 768 (9th Cir. 1997). But "[t]here is no common law right to maintain a qui tam action; authority must always be found in legislation." Conn. Action Now, Inc. v. Roberts Plating Co., 457 F.2d 81, 84 (2d. Cir. 1972).

Plaintiff's Opposition quotes various provisions purportedly from the "Federal Communications Commission Title 47" and the "Federal Aviation Administration Title 14", which presumably support his *qui-tam* standing. Assuming these provisions exist[3], nothing in the quoted portions give Plaintiff authority to pursue this case on behalf of the United States. Accordingly, Plaintiff lacks standing.

### B. Subject-matter jurisdiction cannot be waived.

Plaintiff argues in his Opposition that Defendant's motion should be denied because it was untimely. As explained above, however, subject-matter jurisdiction affects

---

[3] Plaintiff's Opposition appears to cite 47 U.S.C.A. §§ 15, 15.29, 15.35, 15.201 and 15.202, as well as 14 U.S.C.A. §§ 13.1 and 13.16. These sections do not exist.

<small>

the court's power to hear a case, and cannot be waived. Fed. R. Civ. P. 12(b)(1); <u>Csibi</u>, 670 F.2d at 136 n.3. Accordingly, whether or not Defendant's motion was timely, the Court must dismiss this case because Plaintiff lacks standing.

### C. Plaintiff has failed to plead facts sufficient to state a claim.

Even if Plaintiff had standing, the allegations in the Complaint are insufficient to state a claim against Defendant. For example, the Complaint alleges that Defendant refused to show his "license to operate electronic instrumentation and or electric gear" to Plaintiff. (Compl. at 2:10–11.) Assuming this allegation is true, Plaintiff has failed to state a claim for violation of "Civil Rights... the First Amendment, Freedom of information act, and other constitutional rights," as Plaintiff contends. (See <u>Id.</u> at 2:9–10.)

In addition, Rule 8 of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule also requires that each claim be "simple, concise, and direct." Fed. R. Civ. P. 8(e)(2). These rules ensure that a complaint gives fair notice to defendants and states the elements of the claim plainly and succinctly. <u>Jones v. Community Redevelopment Agency of City of Los Angeles</u>, 733 F.2d 646, 649 (9th Cir. 1984). Where a complaint contains nothing more than conclusory allegations, unsupported by facts, it fails to comply with Rule 8. <u>Sherman v. Yakahi</u>, 549 F.2d 1287, 1290 (9th Cir. 1977).

Here, the best that can be said about the Complaint is that it is short. It does not, however, provide the elements of any claim, much less provide Defendant with fair notice regarding the claim. Accordingly, dismissal is also warranted for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8; <u>see also</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (rule requiring each averment of a pleading to be simple and concise applies to all claims and may be basis for dismissal independent of whether pleadings are subject to dismissal for failure to state a claim).

## IV. CONCLUSION

In light of the foregoing, the Court **DISMISSES** this action without prejudice and with leave to amend. Should Plaintiff wish to resume this litigation, Plaintiff must file and serve a First Amended Complaint no later than **May 4, 2007**.

Plaintiff is specifically advised that his amended pleading must establish Article III standing, and must specifically detail who did what to whom, when and where such conduct occurred, and how such conduct allegedly violates federal or state law. Conclusory allegations unsupported by specific allegations of fact are insufficient to properly comply with the Federal Rules of Civil Procedure. Any failure to properly comply with the Court's instructions herein may result in the termination of this case with prejudice and without further leave to amend.

**IT IS SO ORDERED.**

DATE: April 12, 2007

HON. THOMAS J. WHELAN
United States District Court
Southern District of California

06cv2615W